**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VITHYEA KIM, | No. 17-70114 |
| Petitioner, | Agency No. A055-254-920 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2018**

Before:     SILVERMAN, GRABER, and GOULD, Circuit Judges.

Vithyea Kim, a native and citizen of Cambodia, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") order denying his application under 8 U.S.C. § 1186a(c)(4)(B) for

waiver of the joint filing requirement to remove the conditional basis of his lawful

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

permanent resident status. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Oropeza-Wong v. Gonzales*, 406 F.3d 1135, 1141 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination, based on an inconsistency between the nature of Kim's ex-wife's letters to him when he was in Cambodia, and his testimony regarding the platonic nature of their relationship after he arrived in the United States. *See* 8 U.S.C. § 1229a(c)(4)(B)-(C); *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010) (adverse credibility determination supported under the totality of circumstances). No record evidence compels a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).

Because Kim's testimony was not credible and he did not provide sufficient documentary evidence to show that he intended to establish a life together with his ex-wife at the time of their marriage, substantial evidence supports the agency's determination that Kim failed to meet his burden of establishing that he entered into his marriage in good faith. *See* 8 U.S.C. § 1186a(c)(4)(B); 8 C.F.R. § 216.5(e)(2); *Oropeza-Wong*, 406 F.3d at 1148.

We lack jurisdiction to consider Kim's unexhausted contentions that the IJ engaged in speculation, mischaracterized evidence, or otherwise insufficiently

explained his decision; failed to provide notice and an opportunity to provide corroborative evidence or allow Kim to explain why he could not do so; did not provide an opportunity to explain apparent inconsistencies; and failed to consider relevant evidence. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**